Adam Trotter (SBN 335726)
a.v.trotter@gmail.com
Trotter Legal Services
PO Box 4171
Redondo Beach, CA  90277

Jim Lennon (*pro hac vice* forthcoming)
jlennon@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Attorneys for Plaintiff
Stellar, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLAR, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>THINKWARE SYSTEMS USA INC.,<br><br>          Defendant. | Case No. 8:23-cv-247<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Stellar, LLC ("Stellar" or "Plaintiff"), for its Complaint against
2 Defendant Thinkware Systems USA Inc., (referred to herein as "Thinkware" or
3 "Defendant"), alleges the following:

4                        **NATURE OF THE ACTION**

5        1.    This is an action for patent infringement arising under the Patent Laws
6 of the United States, 35 U.S.C. § 1 *et seq*.

7                           **THE PARTIES**

8        2.    Plaintiff Stellar is a limited liability company organized under the
9 laws of the State of California with a place of business at 29 Las Brisas, Irvine, CA
10 92612.

11       3.    Upon information and belief, Thinkware is a corporation organized
12 under the laws of the State of California with a place of business 18021 Sky Park
13 Circle, Suite J2, Irvine, CA 92614.  Upon information and belief, Thinkware sells,
14 offers to sell, and/or uses products and services throughout the United States,
15 including in this judicial district, and introduces infringing products and services
16 into the stream of commerce knowing that they would be sold and/or used in this
17 judicial district and elsewhere in the United States.

18                    **JURISDICTION AND VENUE**

19       4.    This is an action for patent infringement arising under the Patent Laws
20 of the United States, Title 35 of the United States Code.

21       5.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331
22 and 1338(a).

23       6.    Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

24       7.    This Court has personal jurisdiction over Thinkware under the laws of
25 the State of California, due at least to their substantial business in California and in
26 this judicial district, directly or through intermediaries, including: (i) at least a
27 portion of the infringements alleged herein; and (ii) regularly doing or soliciting

business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of California.  Further, this Court has personal jurisdiction and proper authority to exercise venue over Thinkware because it is incorporated in California and by doing so has purposely availed itself of the privileges and benefits of the laws of the State of California.  Venue is also proper in this district because Thinkware has a regular and established place of business in this district.  For instance, Thinkware maintains its principal office in this judicial district located at 18019 Sky Park Circle, Suite KL, Irvine, California 92614.  (*See, e.g.*, Thinkware Statement of Information at https://bizfileonline.sos.ca.gov/search/business.)

## BACKGROUND

### The Invention

8.      Paul DeKeyser is the inventor of U.S. Patent No(s). 7,593,034 ("the '034 patent") 8,692,882 ("the '882 patent") 9,485,471 ("the '471 patent") 9,912,914 ("the '914 patent"), and 10,965,910 ("the '910 patent") (collectively the "Asserted Patents").  True and correct copies of the Asserted Patents are attached as Exhibits A-1, B-1, C-1, D-1, and E-1 respectively.

9.      The patents resulted from the pioneering efforts of Mr. DeKeyser (hereinafter "the Inventor") in the area of mobile and/or wearable video recording technology.  These efforts resulted in the development of multiple methods and apparatuses for mobile, mounted and/or wearable recording systems with memory and write-protection technology.  At the time of these pioneering efforts, the most widely implemented technology utilized to address saving video recordings required the recorded data to be manually saved or deleted when the device reached capacity.  Given that type of system, when the device reached capacity, no additional data could be recorded until the previously recorded data was transferred to an external medium or new/additional memory was added to the device.  The

Inventor conceived of the inventions claimed in the Asserted Patents as a way to improve recording and write-protection capabilities in mobile, mounted and/or wearable recording systems. The patents describe systems and methods for write-protecting previously recorded segments in a memory which can be subsequently transferred to an external storage media without interrupting any contemporaneous recording when the device reaches capacity. Additionally, the inventions of the Asserted Patents permit indexing of recorded segments.

10.     For example, one of the innovative aspects of the Asserted Patents comprises a circular buffer which stores recorded sensor data until it is full, at which point the data is overwritten by new sensor data. Additional innovative aspects include a write-protection system which allows the user to protect certain portions of the recorded data so that the protected portions are not overwritten when the device's memory is full.

**Advantage Over the Prior Art**

11.     The patented inventions disclosed in the Asserted Patents provide many advantages over the prior art, and in particular, improved the operations of saving and protecting recorded sensor data in a memory. (*See, e.g.,* Ex. A-1 at 2:44-67.) One example of an advantage of the patented inventions includes storing sensor data in a circular buffer on a local memory so that the circular buffer continuously stores sensor data, and, if no triggering event is detected, the previously recorded data is automatically overwritten by new data. (*See* Ex. B-1 at 5:64-6:13.)

12.     Another innovative concept of the patented inventions includes the ability for a user to signal the recorder to protect a segment of sensor data, including time before the signal. This enables the recorder to capture an unforeseen event along with any activity leading up to the event. In one of the preferred implementations, the recorder wirelessly sends protected segments of the

1  circular buffer to a memory, which eliminates the need to manually transfer sensor

2  data to create space for additional recordings.  (*See* Ex. C-1 at 7:13-38.)  Wireless

3  offload of captured events has the further benefit of instantly informing interested

4  parties at distant locations.  Multiple segments of sensor data may be designated

5  for write-protection, which allows the recorder to operate continuously and to

6  capture a succession of events over an extended period of time.

7      13.    Another example of an advantage of the patented inventions is the

8  ability for a user to record data in a hands-free fashion.  The devices can be

9  mounted on the body or almost any surface as needed.  In addition, because of the

10 contemplated size of the recording device, secret recording is a potentially

11 available as an option.  (*See* Ex. C-1 at 11:19-58.)

12     14.    Because of the significant advantages that can be achieved using the

13 patented inventions, the inventions of the Asserted Patents present significant

14 commercial value for companies like Defendant.  Indeed, having a recording

15 device that has numerous mounting possibilities, both hidden and otherwise, and

16 that is hands-free is desirable for use in professional and personal settings.  The

17 ability for a user to continuously record, without having to stop to transfer

18 segments of recorded data when the memory is full, is a feature that greatly

19 increases the convenience of the device as it can be left with minimal supervision

20 and still continually record data without user intervention.  Further, having the

21 ability to signal the device to protect certain segments from overwriting makes this

22 device even more commercially valuable, as it can ensure that the portion of sensor

23 data that the user desires remains protected for later review or use.  In addition,

24 wireless transfer is another important advantage.  The user may upload to an

25 external and/or shared storage, potentially making segments visible to remote

26 observers; for example, to dispatch assistance when needed.

27

**Technological Innovation**

15.     The patented inventions disclosed in the Asserted Patents resolve
technical problems related to mobile, mounted and/or wearable video recording
technology, particularly problems related to the utilization of write-protecting
portions of the recorded data.  As the Asserted Patents explain, one of the
limitations of the prior art regarding video recording technology was the limitation
of memory on the device itself.  When the memory was full, a user would have to
delete files or physically transfer the recorded data to an external medium to free
up additional space or add additional storage capacity.  This inconvenient
limitation in then-existing devices discouraged mobile recording.  Most loop-
recording devices in existence at the time lacked the ability to write-protect
portions of the recorded data and simply overwrote previously-recorded sensor
data indiscriminately, forcing a user to physically transfer the recorded data of
interest.  (*See* Ex. B-1 at 1:32-2:9.)

16.     The claims of the Asserted Patents do not merely recite the
performance of some well-known business practice from the pre-Internet world
along with the requirement to perform it on the Internet.  Instead, the claims of the
Asserted Patents recite inventive concepts that are deeply rooted in video recording
technology and overcome problems specifically arising out of then-existing
technology.  Most of the then-existing technology did not make it possible for a
user to continuously record and write-protect sensor data simultaneously without
having to stop to physically make space on the device when the memory had
reached its capacity by transferring previously-recorded data.

17.     Moreover, the claims of the Asserted Patents recite inventive concepts
that are not merely routine or conventional use of video recording or surveillance.
Instead, the patented inventions disclosed in the Asserted Patents provide a new
and novel solution to specific problems related to improving real-time sensor data

recording.  For example, in a preferred embodiment, the addition of a circular buffer and a write-protection system makes the sensor data recording device much more functional.  When a trigger signal is detected by the device, a segment of sensor data is protected from overwriting until a certain amount of time has elapsed or second triggering is detected. This allows the device to be more efficient with its memory, as well as ensuring the write-protected recording includes context both immediately before and after the triggering event is detected.  The then-existing devices in this technological area did not implement this feature in the manner that the instant inventionsdo and were not as user-friendly or convenient for mobile applications.

18.    And finally, the patented inventions disclosed in the Asserted Patents do not preempt all the ways for implementing mobile, mounted, and/or wearable recording systems with memory and write-protection technology, nor do the Asserted Patents preempt any other well-known or prior art technology.

19.    Accordingly, the claims of the Asserted Patents recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,593,034

20.    The allegations set forth in the foregoing paragraphs are incorporated into this First Claim for Relief.

21.    On September 22, 2009, the '034 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Loop Recording With Book Marking".

22.    Plaintiff is the assignee and owner of the right, title and interest in and to the '034 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

23.    Upon information and belief, Defendant has and continues to directly

infringe one or more claims of the '034 patent by selling, offering to sell, and making products, specifically one or more Thinkware Dashcams, which by way of example includes the Thinkware F200 Pro Dashcam.  *See* Exhibit A-2; *See* https://thinkwarestore.com/us/all-dash-cams (the "Accused Instrumentalities").

24.    Exemplary infringement analysis showing infringement of at least claim 1 of the '034 patent is set forth in Exhibit A-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '034 patent.  Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '034 patent

25.    The Accused Instrumentalities infringed and continues to infringe at least claim 1 of the '034 patent during the pendency of the '034 patent.

26.    Plaintiff has been harmed by the Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,692,882

27.    The allegations set forth in the foregoing paragraphs are incorporated into this Second Claim for Relief.

28.    On April 8, 2014, the '882 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Loop Recording With Book Marking".

29.    Plaintiff is the assignee and owner of the right, title and interest in and to the '882 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

30.    Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '882 patent by selling, offering to sell, and making products, specifically one or more Thinkware Dashcams, which by way of

example includes the Thinkware F200 Pro Dashcam.  *See* Exhibit B-2; *See* https://thinkwarestore.com/us/all-dash-cams (the "Accused Instrumentalities").

31.    Exemplary infringement analysis showing infringement of at least claim 1 of the '882 patent is set forth in Exhibit B-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '882 patent.  Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '882 patent.

32.    The Accused Instrumentalities infringed and continues to infringe at least claim 1 of the '882 patent during the pendency of the '882 patent.

33.    Plaintiff has been harmed by the Defendant's infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,485,471

34.    The allegations set forth in the foregoing paragraphs are incorporated into this Third Claim for Relief.

35.    On November 1, 2016, the '471 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Write Protected Recording".

36.    Plaintiff is the assignee and owner of the right, title and interest in and to the '471 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

37.    Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '471 patent by selling, offering to sell, and making products, specifically one or more Thinkware Dashcams, which by way of example includes the Thinkware F200 Pro Dashcam.  *See* Exhibit C-2; *See* https://thinkwarestore.com/us/all-dash-cams (the "Accused Instrumentalities").

8

38.    Exemplary infringement analysis showing infringement of at least claim 1 of the '471 patent is set forth in Exhibit C-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '471 patent.  Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '471 patent.

39.    The Accused Instrumentalities infringed and continues to infringe at least claim 1 of the '471 patent during the pendency of the '471 patent.

40.    Plaintiff has been harmed by the Defendant's infringing activities.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,912,914**

41.    The allegations set forth in the foregoing paragraphs are incorporated into this Fourth Claim for Relief.

42.    On March 6, 2018, the '914 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Write-Protected Recording".

43.    Plaintiff is the assignee and owner of the right, title and interest in and to the '914 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

44.    Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '914 patent by selling, offering to sell, and making products, specifically one or more Thinkware Dashcams, which by way of example includes the Thinkware F200 Pro Dashcam.  *See* Exhibit D-2; *See* https://thinkwarestore.com/us/all-dash-cams (the "Accused Instrumentalities").

45.    Exemplary infringement analysis showing infringement of at least claim 1 of the '914 patent is set forth in Exhibit D-2.  This infringement analysis

is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '914 patent.  Plaintiff reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '914 patent.

46.    The Accused Instrumentalities infringed and continues to infringe at least claim 1 of the '914 patent during the pendency of the '914 patent.

47.    Plaintiff has been harmed by the Defendant's infringing activities.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 10,965,910

48.The allegations set forth in the foregoing paragraphs are incorporated into this Fifth Claim for Relief.

49.    On March 30, 2021, the '910 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Wearable Recording System With Memory Designation".

50.    Plaintiff is the assignee and owner of the right, title and interest in and to the '910 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

51.    Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '910 patent by selling, offering to sell, and making products, specifically one or more Thinkware Dashcams, which by way of example includes the Thinkware F200 Pro Dashcam.  *See* Exhibit E-2; *See* https://thinkwarestore.com/us/all-dash-cams (the "Accused Instrumentalities").

52.    Exemplary infringement analysis showing infringement of at least claim 1 of the '910 patent is set forth in Exhibit E-2.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '910 patent.  Plaintiff reserves all rights to amend,

supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '910 patent.

53. The Accused Instrumentalities infringed and continues to infringe at least claim 1 of the '910 patent during the pendency of the '910 patent.

54. Plaintiff has been harmed by the Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Stellar demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that the Defendant has infringed the '034 patent, the '882 patent, the '471 patent, the '914 patent, the '910 patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '034 patent, the '882 patent, the '471 patent, the '914 patent, the '910 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

1

2  Dated: February 9, 2023                    By: */s/ Adam Trotter*
3                                             Adam Trotter (SBN 335726)
                                              a.v.trotter@gmail.com
4                                             Trotter Legal Services
                                              PO Box 4171
5                                             Redondo Beach, CA  90277

6                                             Jim Lennon (*pro hac vice* forthcoming)
7                                             jlennon@devlinlawfirm.com
                                              DEVLIN LAW FIRM LLC
8                                             1526 Gilpin Avenue
                                              Wilmington, DE 19806
9                                             Telephone: (302) 449-9010
10                                            Facsimile: (302) 353-4251

11

12                                            *Attorneys for Plaintiff*
                                              *Stellar, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO. 8:23-CV-247